**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:19 AM July 27, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROBERT A. SHIRLEY, | ) | CASE NO. 19-62575 |
| SUSAN R. SHIRLEY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Now before the court is the chapter 7 trustee's (the "Trustee") objection to Debtors' exemptions (the "Objection"), filed February 28, 2020. Debtors responded to the Objection (the "Response") on March 18, 2020. The court held a hearing on June 29, 2020 (the "Hearing"), after which a scheduling order was issued allowing the parties to file additional documentation. Trustee filed a copy of a receipt, bill of sale, and letter from Debtors' auto insurance company prior to the Hearing. The matter is now ready for ruling.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(B). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule

7052 of the Federal Rules of Bankruptcy Procedure.[1]

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

In November 2017, Debtors obtained a 1987 Aluma-Lite 27-foot trailer (the "Trailer") in Georgia for $2,500. However, the Trailer was stolen less than 2 years later, and Debtors subsequently filed an insurance claim (the "Insurance Claim") with State Farm for the loss.

On December 30, 2019, Debtors filed a joint petition for relief under chapter 7 of the Bankruptcy Code. Debtors listed the Insurance Claim as an asset on Schedule A/B in the amount of $3,900. On Schedule C, Debtors listed two exemptions in the Insurance Claim: a $195 exemption pursuant to Ohio Revised Code § 2329.66(A)(3), and a $1,805 exemption pursuant to Ohio Revised Code § 2329.66(A)(18).

Trustee objects to the portion of the exemptions claimed by Debtor-Susan, asserting that she did not have an ownership interest in the Trailer. Because of this, Trustee argues that Debtor-Susan's claimed exemptions are improper. The court disagrees.

## DISCUSSION

Property of the estate generally includes all legal and equitable interests of the debtor in property as of the commencement of the case. § 541(a)(1). Notwithstanding § 541(a)(1), a debtor may exempt certain property from the bankruptcy estate, moving it beyond the reach of creditors. § 522(b); Menninger v. Schramm (In re Schramm), 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010). Exemptions are to be liberally construed in favor of the debtor. In re Andrews, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). The objecting party has the burden of establishing that a debtor's exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).

Here, Debtors listed exemptions in the Insurance Claim pursuant to Ohio Revised Code §§ 2329.66(A)(3) and (18). Ohio Revised Code § 2329.66(A)(3) allows a person to exempt "[t]he person's interest, not to exceed five hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings." Ohio Rev. Code § 2329.66(A)(3). Ohio's "wildcard exemption" allows a person to exempt "[t]he person's aggregate interest in any property, not to exceed one thousand three hundred twenty-five dollars . . . ." Ohio Rev. Code. § 2329.66(A)(18).

Trustee argued at the Hearing that Debtor-Susan is not entitled to the exemptions for the Insurance Claim because she did not have an ownership interest in the Trailer. Trustee correctly pointed out that the bill of sale was signed only by the seller and Debtor-Robert, only Debtor-Robert's name is on the receipt, and the insurance policy is in Debtor-Robert's name. (See

---

[1] Hereinafter, unless otherwise indicated, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code").

2

Support Doc., ECF No. 36.) In the Response, Debtors argued that (1) they intended to own the Trailer jointly, (2) a certificate of title was neither issued nor required for the Trailer under Georgia law, and (3) the Trailer is marital property pursuant to Ohio Revised Code § 3105.171. (Resp., ECF No. 21.) At the Hearing, Debtors also argued that they are both entitled to the insurance proceeds for the Trailer based on the language of Debtor-Robert's insurance policy.

As a preliminary matter, the court notes that Ohio's marital property statute is not applicable to this dispute. See, e.g., In re Toland, 346 B.R. 444, 448-49 (Bankr. N.D. Ohio 2006) (explaining that Ohio Revised Code § 3105.171 "only becomes applicable during a divorce or separation proceeding" and rejecting debtors' argument that debtor-husband had interest in debtor-wife's vehicle); see also In re Whitt, 534 B.R. 320, 321 (Bankr. N.D. Ohio 2015) (citing Ohio Revised Code § 3103.04 for the general proposition that neither spouse has any interest in the property of the other in Ohio).

The court also notes that it is not clear why a certificate of title was neither issued nor required for the Trailer, especially after Debtors moved to Ohio. Under Georgia law, a certificate of title constitutes *prima facie* evidence of ownership of a vehicle. O.C.G.A. § 40-3-24(a)(2), (c). However, section 40-3-4 of the Official Code of Georgia Annotated contains a laundry list of exclusions from Georgia's certificate of title requirement, and it is not clear which exclusion the Trailer falls under since Debtors do not elaborate on this point. See O.C.G.A. § 40-3-4.

Nevertheless, the issue in this case is not whether Debtor-Susan had an ownership interest in the Trailer. The issue is whether she had an interest in the Insurance Claim, the property she seeks to exempt.

Debtors argue that they are both entitled to the insurance proceeds under the language of the insurance policy. Debtors filed a copy of a letter they received from a State Farm agent. In the letter, the agent quotes the following language from the policy:

> "***Insured*** means:
> 1. ***you*** and ***resident relatives*** for:
>     a. the ownership, maintenance, or use of:
>         1) ***your car***;
>         2) a ***newly acquired car***; or
>         3) a ***trailer***;
>
> ***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:
>   1. related to that named insured or his or her spouse by blood, marriage or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured;"

3

(Support Doc., ECF No. 36, at 5) (emphasis in original). The agent then states: "Based on the above-referenced definitions, coverage would have extended to Robert Shirley's spouse Susan Shirley." (Id.)

The court agrees with Debtors that, based on the quoted language of the insurance policy[2] and the agent's statement, both Debtors have an interest in the Insurance Claim and are entitled to the proceeds for the stolen Trailer. Consequently, Debtors' exemptions are proper.

The court will enter a separate order in accordance with this opinion.

**Service List**:

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

Josiah L. Mason
Canton
153 W Main Street
P.O. Box 345
Ashland, OH 44805-2219

---

[2] Even if this language was ambiguous, Ohio courts construe ambiguous language in insurance contracts in favor of the insured. See, e.g., Mosser Constr., Inc. v. Travelers Indem. Co., 430 F. App'x 417, 421 (6th Cir. 2011) (collecting Ohio cases).

4